UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD CRATHIN,<br><br>         Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>         Respondent. | Civil No. 07-1786 J (WMc)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

  Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

**FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

  Upon review of the Petition, it appears to the Court that a Petition for Writ of Habeas Corpus brought pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is

07cv1786

Dockets.Justia.com

1   making a constitutional challenge to the conditions of his prison life, but not to the fact or length

2   of his custody. *Id.* at 499; *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir.

3   1997).

4          Petitioner's main complaint is the manner in which the order of restitution in his criminal

5   case is being carried out. Petitioner specifically does not challenge the validity of the restitution

6   order itself. (*See* Pet. at 1.) Petitioner's claims are not cognizable on habeas because they do

7   not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. § 2254(a);

8   *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994); *Preiser*, 411 U.S. at 500. "Section 2254

9   applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp.

10  284, 285 (D. Ariz. 1974). In no way does Petitioner claim his state court conviction violates the

11  Constitution or laws or treaties of the United States. It appears that Petitioner challenges the

12  conditions of his prison life, but not the fact or length of his custody.

13                **FAILURE TO SATISFY FILING FEE REQUIREMENT**

14         If Petitioner does seek to attack the validity of his state court conviction or the restitution

15  order, Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

16  pauperis. This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

17  qualified to proceed in forma pauperis. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

18                    **FAILURE TO USE THE PROPER FORM**

19         In addition, Petitioner has failed to use the proper form. A Petition for Writ of Habeas

20  Corpus must be submitted in accordance with the Local Rules of the United States District Court

21  for the Southern District of California. *See* Rule 2 (c), 28 U.S.C. foll. § 2254. In order to

22  comply with the Local Rules, the petition must be submitted upon a court-approved form and

23  in accordance with the instructions approved by the Court. Presently, Petitioner has submitted

24  an application for writ of habeas corpus on a non-approved form.

25                **FAILURE TO NAME A PROPER RESPONDENT**

26         Review of the Petition reveals that Petitioner has failed to name a proper respondent. On

27  federal habeas, a state prisoner must name the state officer having custody of him as the

28  respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28

1  U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to

2  name a proper respondent.  *See id.*

3      The warden is the typical respondent.  However, "the rules following section 2254 do not

4  specify the warden."  *Id.*  "[T]he 'state officer having custody' may be 'either the warden of the

5  institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

6  institutions.' "  *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a

7  petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

8  be the state officer who has official custody of the petitioner (for example, the warden of the

9  prison).'"  *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

10     A longstanding rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of]

11  habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The

12  actual person who is [the] custodian [of the petitioner] must be the respondent."  *Ashley v.*

13  *Washington*, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of

14  habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the

15  body" if directed to do so by the Court.  "Both the warden of a California prison and the Director

16  of Corrections for California have the power to produce the prisoner."  *Ortiz-Sandoval*, 81 F.3d

17  at 895.

18     Here, Petitioner has not named a respondent.  In order for this Court to entertain the

19  Petition filed in this action, Petitioner must name the warden in charge of the state correctional

20  facility in which Petitioner is presently confined or the Director of the California Department

21  of Corrections.  *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

22  **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

23     Further, habeas petitioners who wish to challenge either their state court conviction or the

24  length of their confinement in state prison must first exhaust state judicial remedies.  28 U.S.C.

25  § 2254(b)-(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

26  remedies, a California state prisoner must present the California Supreme Court with a fair

27  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28

28  U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court

remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned, "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims *under the United States Constitution*."  *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the *due process of law guaranteed by the Fourteenth Amendment*, he [or she] must say so, not only in federal court, but in state court."  *Id.* at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (2005).

The statute of limitations does not run while a properly filed *state* habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the

1  record] are in compliance with the applicable laws and rules governing filings."). However,

2  absent some other basis for tolling, the statute of limitations does run while a *federal* habeas

3  petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

4       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of

5  a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed

6  to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll.

7  § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

8  habeas relief because he has not alleged exhaustion of state court remedies.

9  **CONCLUSION**

10       For the foregoing reasons, the Court **DISMISSES** this case without prejudice and with

11  leave to amend. If Petitioner wishes to proceed with this case as a habeas corpus petition, he

12  must, **no later than <u>November 5, 2007</u>**: (1) pay the $5.00 filing fee or submit adequate proof

13  of his inability to pay the fee, **AND** (2) file a First Amended Petition which cures the pleading

14  deficiencies outlined in this Order. If Petition wishes to file a civil rights complaint pursuant to

15  42 U.S.C. § 1983, he must file a new civil action which will be given a new civil case number.

16  **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK MOTION

17  TO PROCEED IN FORMA PAUPERIS, A BLANK FIRST AMENDED PETITION

18  FORM AND A BLANK CIVIL RIGHTS COMPLAINT FORM PURSUANT TO 42

19  U.S.C. § 1983**.

20       **IT IS SO ORDERED.**

22  DATED:  September 19, 2007

23  _____

24  HON. NAPOLEON A. JONES, JR.
United States District Judge

25  cc:    All Parties
26         Magistrate Judge McCurine

07cv1786